UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| In the Matter of: | : | Chapter 11 |
| | : | |
| MICHAEL P. MCEVER, | : | |
| | : | |
| Debtor | : | Case No. 07-53256 RFH |

BEFORE

ROBERT F. HERSHNER, JR.
UNITED STATES BANKRUPTCY JUDGE

COUNSEL:

For United States Trustee:          Robert G. Fenimore
                                    440 Martin Luther King, Jr. Boulevard
                                    Suite 302
                                    Macon, Georgia 31201

For Michael P. McEver:              David Judah
                                    P.O. Box 86
                                    Gordon, Georgia 31031

## **MEMORANDUM OPINION**

Donald F. Walton, Acting United States Trustee, Movant, filed with the Court on January 16, 2008, a Motion To Set Aside Order Granting Application To Employ David Judah And Objection To Application To Employ David Judah As Attorney For Debtor (hereafter "Movant's motion"). David Judah, Respondent, filed three affidavits in response to Movant's motion.[1] Movant's motion came on for a hearing on February 4, 2008. The Court, having considered the record, the affidavits, and the arguments of counsel, now publishes this memorandum opinion.

In 1996 Douglas Price, attorney at law, assisted Michael P. McEver, Debtor, in the formation of two corporations known as White Columns Land and Timber Company, Inc. and White Columns Realty, Inc. As an accommodation to Debtor, Mr. Price served as secretary and registered agent of White Columns Land and Timber Company, Inc. Mr. Price served as secretary, registered agent, and chief financial officer of White Columns Realty, Inc.[2] Mr. Price has never had any ownership interest and has never been a shareholder in either corporation. Mr. Price has never had an ownership interest in any property or other assets of either

---

[1] Movant and Respondent ask the Court to consider as evidence the facts asserted in the affidavits.

[2] Debtor was the CEO and CFO of White Columns Land and Timber Company. Debtor was CEO of White Columns Realty.

2

corporation. Other than assisting in the formation of the corporations, Mr. Price has never served as counsel for Debtor or for the corporations.

In 1997 White Columns Land and Timber Company purchased a building. From 1997 until about 2005, Mr. Price was a tenant in the building.[3] Mr. Price never had any ownership interest in the building. After the building was sold in 2005, Mr. Price told Debtor that he wanted to resign his positions with the corporations. Debtor agreed and Mr. Price resigned. Debtor believed that the "appropriate paperwork" had been filed with the Georgia Secretary of State to remove Mr. Price's name from the corporations's registrations. Mr. Price, however, through inadvertent oversight did not submit the paperwork and he continued to be listed as an officer and registered agent of the corporations.

Debtor, as an individual, filed a petition for relief under Chapter 11 of the Bankruptcy Code on December 31, 2007. Debtor continues to manage his affairs as debtor-in-possession.[4] Debtor filed on January 2, 2008, an application asking the Court to approve the employment of Respondent as attorney for Debtor. In support of Debtor's application, Respondent filed an affidavit which states in part that he is a "disinterested person" and that neither he nor any attorney in his law firm, Browne &

---

[3] Mr. Price's office was located in the building.

[4] 11 U.S.C.A. § §1107, 1108 (West 2004).

Price, P.A., holds or represents an interest adverse to the bankruptcy estate. The Court entered an order on January 7, 2008, approving Debtor's application to employ Respondent.

    Movant discovered that the Secretary of State's registrations currently show Mr. Price as an officer and registered agent of the corporations. Movant filed on January 16, 2008, a motion to set aside the order approving the appointment of Respondent. Movant contends that Respondent is not a "disinterested person" and cannot represent Debtor.

    On January 31, 2008, Debtor amended the corporations's registrations by removing Respondent's name as an officer and registered agent. The Secretary of State's registrations now show Debtor as the sole officer and registered agent of the corporations.

    Respondent has withdrawn from the firm of Browne & Price, P.A.[5] Respondent has requested that his name no longer appear on the firm's letterhead and that his name be removed from all firm bank accounts. Respondent now conducts business as David Judah, Attorney at Law, LLC.

    Debtor has agreed to waive any conflict of interest as to Respondent's

---

[5] Respondent was an associate at Browne & Price, P.A.

association with Mr. Price.[6]

At the hearing on his motion, Movant continued to object to the appointment of Respondent as counsel for Debtor.

Section 327(a) of the Bankruptcy Code provides:

> **§ 327. Employment of professional persons**
>
> **(a)** Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C.A. § 327(a) (West 2004).

Section 101(14) provides:

> **§ 101. Definition**
>
> In this title the following definitions shall apply:
>
> . . .
>
> **(14)** The term "disinterested person" means a person that—
> **(A)** is not a creditor, an equity security holder, or an insider;

---

[6] See In re First Ambulance Center of Tennessee, Inc., 181 B.R. 323, 325 n.4 (Bankr. M.D. Tenn. 1995) (although ethical rules permit a client to waive a conflict of interest, Bankruptcy Code may override the waiver as to the employment of professionals).

5

> **(B)** is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
> **(C)** does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C.A. § 101(14) (West Supp. 2007).

"The purpose of section 327(a) of Title 11 of the United States Code is to ensure impartiality in bankruptcy representation." Electro-Wire Products, Inc. v. Sirote & Permutt, P.C. (In re Prince), 40 F.3d 356, 360 (11th Cir. 1994).

Under the two-prong test of section 327(a), Respondent must not hold or represent an interest adverse to the bankruptcy estate and must be a disinterested person. In re Macon Prestressed Concrete Co., 61 B.R. 375, 378 (Bankr. M.D. Ga. 1986). The Court must also be mindful of Debtor's interest in obtaining counsel of his choice. Id.

"This requirement and duty to remain a disinterested person is ongoing. A professional retained by the estate must remain disinterested throughout his or her entire tenure with the estate." In re Sauer, 191 B.R. 402, 407 (Bankr. D. Neb. 1995).

Movant contends that Respondent is disqualified from representing Debtor because an attorney in Respondent's law firm, Mr. Price, would be disqualified.

6

Although there is a split of authority on this issue, courts often hold that the entire firm is disqualified if one attorney in the firm is disqualified. Some courts allow a law firm to erect a screening device to segregate the attorney who is disqualified. 3 Collier of Bankruptcy ¶ 327.04 [3] (15th ed. rev. 2007); In re Essential Therapeutics, Inc., 295 B.R. 203, 208-11 (Bankr. D. Del. 2003). See Ga. Rules of Professional Conduct, Rule 1.10 (a) ("When lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so. . . .")

Under §101 (14)(B) "disinterested person" means a person that is not and was not a director, officer, or employee of the debtor within 2 years before the date of the filing of the bankruptcy petition. "The majority of courts demand *per se* application of the statute. . . ." Collier on Bankruptcy ¶ 327.04 [2] [a] [i]. See In re Eastern Charter Tours, Inc., 167 B.R. 995 (Bankr. M.D. Ga. 1994) (Walker, Jr.) (applying strict reading of disinterested requirement).

The evidence shows that neither Respondent nor Mr. Price has ever been a director, officer, or employee of Michael P. McEver, the debtor in this Chapter 11 case. Mr. Price was an officer of two corporations in which Debtor was a shareholder. The corporations have not filed for bankruptcy relief. The corporations have a legal existence separate and apart from their officers and shareholders. Commonwealth Financial Corp. v. Sherrill, 197 Ga. App. 403, 398 S.E.2d 438, 438-

7

39 (1990). The Court is not persuaded that Mr. Price was an officer of the debtor. See In re Bendler's, Inc., 106 B.R. 480 (Bankr. N.D. Ohio 1989) (accounting firm which is a creditor of wholly owned subsidiary of the debtor is not a creditor of the debtor's estate; accounting firm can be employed by parent-company debtor).

Under §101 (14)(C) "disinterested person" means a person that does not have an interest materially adverse to the interest of the estate or any class of creditors or equity holders by reason of any direct or indirect relationship to the debtor or for any other reason.

"This subsection of section 101 is adopted from former Rule 10-202(c)(2)(D), which has been described as a 'catch-all clause.' It appears broad enough to include anyone who in the slightest degree might have some interest or relationship that would color the independent and impartial attitude required by the Code. The purpose of the catch-all clause is to prevent a conflict even if the professional person under consideration promises to report such conflict if it arises." Collier on Bankruptcy ¶ 327.04 [2] [a] [iii] [D].

In In re Prince, the Eleventh Circuit stated:

> The phrase "interest materially adverse to the estate" is not defined by the Bankruptcy Code. Other courts, however, have defined the phrase as follows:
>> holding or representing an interest adverse to the estate as possessing, or serving as an attorney for a person possessing, either an 'economic interest that would tend to lessen the value of the

8

> bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant . . . or . . . a predisposition under the circumstances that render such a bias against the estate.
>
> *Roger J. Au & Son, Inc. v. Aetna Ins. Co.,* 64 .B.R. 600, 604 (N.D. Ohio 1986) (quoting *In re Roberts*, 46 B.R. at 822-23).

40 F.3d at 361.

"Professional retention 'must be free of any personal interests or connections that are at odds with the interests of the entities they intend to represent.'" In re Matco Electronics Group, Inc., 2008 WL 141908 *7 (Bankr. N.D. N.Y., Jan. 11, 2008).

The evidence shows that Mr. Price: (1) resigned as an officer and registered agent of the corporations in 2005; (2) continued to be shown as an officer on the corporations's registrations due to an oversight; (3) never provided any legal services to Debtor or the corporations, except for assisting in their formation in 1996; and (4) never had any ownership interest in the corporations.

Movant contends that as an officer of the corporations, Mr. Price may be personally obligated for unpaid taxes of the corporations. Movant contends that Respondent would have a conflict of interest and divided loyalty if Mr. Price is called upon to pay tax obligations of the corporations. Movant notes that Debtor has

9

scheduled unpaid tax obligations in his bankruptcy schedules.

In his amended Schedule E, Debtor lists state and federal income tax obligations totaling $218,964 for tax years 2004 through 2007. Debtor lists his social security number as the account number for the taxes. The Court is persuaded that the taxes are Debtor's personal tax obligations and not obligations of the corporations.

The Court is not persuaded that Respondent holds or represents an interest materially adverse to the interests of the bankruptcy estate. The Court is persuaded that Movant's motion to set aside the appointment of Respondent should be denied.

An order in accordance with this memorandum opinion will be entered this date.

DATED this 12th day of February, 2008.

  /s/ Robert F. Hershner, Jr.
ROBERT F. HERSHNER, JR.
United States Bankruptcy Judge